# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00238-GCM

| | |
|---|---|
| NICOLE CUMBERBATCH, | )<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| USA, | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court on the United States of America's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed on May 27, 2016. (Doc. No. 4) On May 31, 2016, the Court notified Plaintiff of her obligation to respond to the government's motion, consistent with the principles set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 6) Plaintiff's response was due on June 14, 2016, and she failed to file it. Accordingly, the government's Motion is ripe for disposition. For the following reasons, the Motion will be **GRANTED**, and this civil action will be **DISMISSED** with prejudice.

## I. BACKGROUND

Plaintiff is employed by the United States Postal Service. (Doc. No. 1-1) On May 9, 2016, she filed a *pro se* Complaint on May 9, 2016 in the Superior Court of Mecklenburg County against her supervisor, alleging stalking and nonconsensual sexual harassment. (Doc. No. 1-1) Specifically, she alleged the following: "Deirdre Jones was in my face[,] verbally threatened and attacked me. It started on 3/14/16 and it [escalated] on Saturday 7th [sic] leaving me sacred [sic] for my safety." (Doc. No. 1-1) The government timely filed a notice of removal (Doc. No. 1),

and a Motion to Substitute the United States and to Dismiss Individual Defendant (Doc. No. 2), which the Court granted (Doc. No. 3).

On May 27, 2016, the government filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. (Doc. No. 4) The government argued that (1) to the extent plaintiff alleged a tort claim, it was barred by sovereign immunity and failure to exhaust administrative remedies, as required by the Federal Tort Claims Act (*id.* at 4); (2) to the extent Plaintiff alleged an employment discrimination claim, she had failed to exhaust administrative remedies and to name the proper defendant (*id.* at 4-6); and (3) to the extent Plaintiff alleged claims under the cited North Carolina civil no-contact statute, she failed to plausibly allege facts to support the elements of either stalking or nonconsensual sexual harassment (*id.* at 6-9). On May 31, the Court issued a *Roseboro* order informing Plaintiff of her obligation to respond to the government's Motion by June 14, 2016. (Doc. No. 6) Plaintiff failed to file a response. Thus, the Court will proceed to decide this matter.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a case must be dismissed in the absence of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Davis v. Tyson Foods*, No. 3:14-CV-00720-GCM, 2015 WL 4638301, at *1 (W.D.N.C. Aug. 4, 2015). The district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to dismiss a plaintiff's complaint if it fails to state a claim on which relief can be granted. When

2

faced with a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Finally, the Court notes that it is obligated to liberally construe a *pro se* litigant's pleadings. *W. Sur. Co. v. Beck Elec. Co.*, No. CIV. 3:06CV383, 2008 WL 345821, at *2 (W.D.N.C. Feb. 5, 2008). Nevertheless, "this liberal treatment is not without limits, and the Fourth Circuit has repeatedly insisted that *pro se* litigants follow the same rules of procedure that govern other litigants." *Id.* (alterations adopted) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Thus, "the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim which is cognizable." *Canady v. Buswell*, No. 3:13-CV-250-RJC, 2013 WL 2154812, at *1 (W.D.N.C. May 17, 2013) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III. ANALYSIS

The government argues that Plaintiff's claim fails, whether it is construed as a tort claim, employment discrimination claim, or a claim under North Carolina's civil no-contact statute. This Court agrees. To the extent that Plaintiff attempts to bring a claim under the Federal Tort

Claims Act, she has failed to demonstrate exhaustion of remedies by presenting her claim to the relevant federal agency, as required by 28 U.S.C. § 2675(a). Moreover, the Fourth Circuit has held that the filing of a civil suit in state court does not constitute presentation to the federal agency. *Henderson v. United States*, 785 F.2d 121 (4th Cir. 1986). Because Plaintiff has failed to establish that she exhausted administrative remedies, a prerequisite to suit under the FTCA, the Court lacks jurisdiction over any federal tort claim she may be attempting to articulate.

To the extent that Plaintiff is attempting to claim discrimination in violation of Title VII of the Civil Rights Act, she has again failed to establish that she exhausted her administrative remedies. Because Plaintiff has failed to establish that she filed a charge with the Equal Employment Opportunity Commission, this Court lacks subject matter jurisdiction over any Title VII claim. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) (noting that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim" (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009))).

Finally, the Court agrees with Defendant that, despite the liberal construction that it must afford Plaintiff's claims, the complaint does not contain sufficient facts to support a plausible inference of nonconsensual sexual harassment or stalking, each of which is narrowly defined under North Carolina law. *See* N.C. Gen. Stat. § 50-C1(4) (defining "sexual conduct as "an intentional or knowing touching, fondling, or sexual penetration by a person, either directly or through the clothing of the sexual organs, anus, or breast of another, whether an adult or a minor, for the purpose of sexual gratification or arousal"); *Id.* at § 50-C1(6) (defining "stalking" as "on more than one occasion, following or otherwise harassing . . . another person without legal purpose with the intent to . . . .(a) place the person in reasonable fear either for the person's

safety or the safety of the person's immediate family or close personal associates[; or] (b) cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress"). Accordingly, Plaintiff has failed to state a claim upon which relief could be granted for stalking or nonconsensual harassment.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the government's Motion to Dismiss (Doc. No. 4) be **GRANTED.** It is further ordered that Plaintiff's Complaint be dismissed with prejudice. The Clerk of Court is respectfully requested to close this civil case.

Signed: June 21, 2016

*[Signature]*

Graham C. Mullen
United States District Judge